IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LORA DE LA CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV231 |
| | ) | |
| V. | ) | |
| | ) | |
| JBS SWIFT AND COMPANY, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's Motion to Compel Discovery Responses (filing 16). For the reasons set forth below, Defendant's motion will be granted.

## BACKGROUND

On October 4, 2011, Defendant served Interrogatories and Requests for Production of Documents on Plaintiff. (Filings 17-2 & 17-3.) Plaintiff provided responses to these discovery requests on or about December 6, 2011. (Filing 17-4.) Upon reviewing Plaintiff's answers, Defendant's counsel contacted Plaintiff's counsel and requested that the responses be supplemented. (Filing 17-5.) On December 16, 2011, Defendant's counsel sent Plaintiff's counsel an email, outlining the deficiencies in Plaintiff's discovery responses and giving Plaintiff until January 6, 2012, to provide supplemental responses. (*Id*.) Having received no supplemental responses to the discovery requests, Defendant filed the instant motion to compel on February 2, 2012. Plaintiff has not responded to Defendant's motion. (Filing 16.)

## ANALYSIS

Defendant requests that the court compel Plaintiff to provide complete responses to Interrogatory Nos. 3, 5, 6, 7, 8, 9, 10, 11, 12 and 16. Plaintiff's responses to these interrogatories are clearly deficient. Interrogatory No. 3 asks Plaintiff to provide information regarding persons who have knowledge of the allegations in the Complaint and to describe

the nature of the knowledge held by these individuals. (Filing 17-2.) Plaintiff's answer only identifies two people and provides their telephone numbers. Plaintiff did not supply any information regarding the nature of the knowledge held by these individuals. (Filing 17-4.) Plaintiff's responses to Interrogatory Nos. 11 and 12 are similarly incomplete. For instance, Interrogatory No. 12 asks Plaintiff to identify any charges or lawsuits that she made or filed in the last 10 years. Plaintiff responded that she had a "back injury", but neglected to state when the injury occurred or the nature of the suit or claim. (*Id.*) Moreover, Plaintiff wholly failed to provide information responsive to Interrogatory Nos. 5, 6, 7, 8, 9, 10 and 16. Plaintiff answered each of these interrogatories by stating, "The Plaintiff reserves the right to supplement this Interrogatory" or "The Plaintiff will supplement." (*Id.*) It is obvious that Plaintiff has failed to properly respond to Defendant's interrogatories.

Defendant also asks that the court order Plaintiff to produce documents responsive to Document Production Request Nos. 13 and 16. As to Request No. 13, which asks Plaintiff to produce applications for employment or other documents reflecting Plaintiff's efforts to find alternative employment, Plaintiff responded by stating "Plaintiff will supplement." (*Id.*) However, Plaintiff has failed to produce documents responsive to the request or otherwise respond. Request No. 16 asks Plaintiff to produce copies of all books, calendars, diaries and logs created by Plaintiff relating to her employment with Defendant. (*Id.*) Plaintiff objected to the request on the basis of attorney-client privilege, but Plaintiff failed to produce a privilege log or any responsive documents. (*Id.*) Like her interrogatory responses, Plaintiff's document production is incomplete.

Additionally, Defendant points out that several of Plaintiff's responses to Defendant's document production requests simply direct Defendant to "[s]ee documents in possession of defendant" or to "[s]ee attached." (*Id.*) Plaintiff did not identify which documents are responsive to each respective discovery request. Therefore, Defendant now asks that Plaintiff be ordered to identify each referenced document by its Bates-stamped number. Given the state of Plaintiff's document production, this request seems more than reasonable.

Accordingly,

2

**IT IS ORDERED:**

1. Defendant's Motion to Compel Discovery Responses (filing 16) is granted.

2. Plaintiff shall provide complete responses to Interrogatory Nos. 3, 5, 6, 7, 8, 9, 10, 11, 12 and 16 by or before April 20, 2012.

3. Plaintiff shall produce the documents responsive to Document Production Request No. 13 by or before April 20, 2012.

4. Plaintiff shall produce the documents responsive to Document Production Request No. 16 or, alternatively, a detailed privilege log, by or before April 20, 2012.

5. By or before April 20, 2012, Plaintiff shall identify which documents are responsive to each of Defendant's document production requests by identifying each document by its Bates-stamped number.

**DATED March 23, 2012.**

                                      **BY THE COURT:**

                                      **S/ F.A. Gossett**
                                      **United States Magistrate Judge**